IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00120-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    OMAR ANTONIO PACHECO-MONJE,

    Defendant.

## ORDER OF DETENTION

THIS MATTER came before the Court for a detention hearing on April 14, 2022

The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The defendant

is charged with illegal reentry after deportation.   He is Mexican.   He is married to an American citizen, and they have been married for the last 25 years. He is the father of four children and three of those children live at home with the Defendant and his wife.   He and his wife own the home in Commerce City.   The pretrial services report indicates that he was previously deported in 1995, 2007, and 2009.   It also indicates that he has used false social security numbers and perhaps has used multiple aliases in the past (although this is disputed and the Pretrial Services Officer could not clarify the basis for the belief that the Defendant has used multiple aliases).   He recently completed a sentence of home detention for a state charge of Assault 2 -- causing serious bodily injury (felony).   I am informed that an ICE detainer has been lodged against the Defendant and that if he were to be released into ICE custody, and expedited deportation proceeding would likely result in his deportation within the next 30 days.

  The weight of the evidence against the Defendant is strong—overwhelming even.   His very presence in the Courtroom is irrefutable evidence that he is unlawfully present in the United States after deportation.

  Based on these facts, and specifically, the Defendant's three prior deportations, which demonstrate a repeated failure to follow lawful court orders, plus the near certainty of his spending some time in jail for the present offense and the near certainty of his immediate deportation after serving his sentence, it is highly likely that if he were released, he would take the opportunity to avoid jail time by absconding, perhaps leaving the country and not showing up for trial.   Therefore, I conclude that no condition or combination of conditions will reasonably

assure the appearance of the defendant as required.   The Defendant will be detained. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   April 14, 2022                                BY THE COURT:

_N. Reid Neureiter_
United States Magistrate Judge
N. Reid Neureiter