IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-120-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

OMAR ANTONIO PACHECO-MONJE,

      Defendant.

---

UNOPPOSED MOTION TO EXCLUDE 45 DAYS FROM SPEEDY TRIAL ACT

---

    Omar Antonio Pacheco-Monje, by and through undersigned counsel, hereby moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 45-day ends of justice continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline.  As grounds for this motion, Mr. Pacheco-Monje states the following:

    1.  Mr. Pacheco-Monje entered his Not Guilty plea at his Initial Appearance and Arraignment on April 11, 2022. Following the arraignment hearing the Court scheduled his trial within the 70-day speedy trial window. Mr. Pacheco-Monje's jury trial is scheduled to begin on June 6, 2022.

    2.  Mr. Pacheco-Monje needs more time to review the discovery for his case with his attorney and conduct a thorough defense investigation. His defense began its investigation immediately after receiving discovery by submitting multiple records requests. Matters requiring investigation relate directly to the allegations in this case

and the potential sentencing range if convicted. Some of the records needed are decades old, will likely take several weeks to receive, and may require follow-up investigation. Mr. Pacheco-Monje anticipates needing more than 45 days to review the government's evidence, investigate the allegations made in this case, obtain records relevant to investigation, engage in plea discussions with the government, and prepare for trial, if necessary, but he currently requests only 45 days because that is the maximum amount of time the government would agree to.

   3.   The current 70-day Speedy Trial Act date is June 20, 2022.  As of the filing of this motion, a total of twenty-one (21) days have run on the Speedy Trial Act clock – from April 11, 2022 through May 2, 2022. Thus, a total of forty-nine (49) days remain on the Speedy Trial Act's 70-day clock.

   4.   In order to effectively represent Mr. Pacheco-Monje, defense counsel believes it is necessary to continue the currently set dates in this case.

   5.   Specifically, Mr. Pacheco-Monje requests a 45-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline. With an exclusion of 45 days, coupled with the 49 days remaining on the Speedy Trial Act's clock at the time this motion is filed, the Speedy Trial Act's deadline for trial would be extended by 94 days.

   6.   Among the factors applicable here, which the Court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

      a.   Whether the failure to grant the continuance would result in a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(i).  Given the need

>to delay the motions deadline in order to afford defense counsel sufficient time to thoroughly review the discovery and discuss it with her client, as well as conduct defense investigation and pursue further negotiation, Mr. Pacheco-Monje asserts that maintaining the current dates and deadlines would result in a miscarriage of justice.

7. In support of this motion Mr. Pacheco-Monje addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

8. Applying the *West* factors Mr. Pacheco-Monje states as follows:

   a. Counsel has exercised diligence. Counsel has met with Mr. Pacheco-Monje, begun reviewing the discovery, and communicated with the government about the case. But despite the diligent efforts that have already gone into Mr. Pacheco-Monje's case, additional time will be required to effectively represent him in these proceedings, including at

trial, if trial is necessary, or to help him knowingly and intelligently decide to enter into a plea agreement.

b. The government does not object to the defense request of a continuance of the trial or pretrial motions deadline and there is no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

c. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. Without the exclusion of a period of time from the speedy trial calculations, Mr. Pacheco-Monje's right to be fairly and effectively represented in these proceedings will be denied due to defense counsel's inability to obtain and thoroughly review complete discovery for his case, advise him on the likelihood of success or failure at trial or pretrial motions, and meaningfully engage in informed plea negotiations with the government.

9. Undersigned counsel believes the ends of justice are best served by the granting of a continuance and such interest outweighs the best interests of the public and Mr. Pacheco-Monje's in a speedy trial.

WHEREFORE, Mr. Pacheco-Monje requests that (A) this unopposed motion be granted, (B) the Court enter an order extending the pretrial motions deadline, (C) the Court enter an order excluding 45 days in the computation of time within which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et. al, and (D) the trial should be continued to a day within 94 days of the filing of this motion

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Kilie Latendresse
KILIE LATENDRESSE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
kilie.latendresse@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

      Valeria Spencer, Assistant United States Attorney
      Valeria.spencer@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

      Omar Antonio Pacheco-Monje (U.S. Mail)

      s/Kilie Latendresse
      KILIE LATENDRESSE
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      kilie.latendresse@fd.org
      Attorney for Defendant