IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00120-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     OMAR ANTONIO PACHECO-MONJE,

      Defendant.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

This matter is before me on defendant's Unopposed Motion to Exclude 45 Days from Speedy Trial Act [Docket No. 15].  The United States does not oppose the motion. *Id.* at 4.

The trial in this matter is set for June 6, 2022.  Docket No. 11 at 1.  Based on Mr. Pacheco-Monje's initial appearance on April 11, 2022 and the filing of the motion to exclude on May 2, 2022, I find that there are 49 days left in the speedy trial period.

The defendant's motion is based on the fact that Mr. Pacheco-Monje needs additional time to review the discovery, to conduct a thorough investigation, and to receive and review requested documents.  Docket No. 15 at 1.  Specifically, Mr. Pacheco-Monje indicates that he requires more time to review the discovery, to conduct investigations, and to engage in plea discussions or to prepare for trial.  *Id.* at 1-2.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within seventy days after the indictment is filed or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441. First, I must consider the following factors listed in § 3161(h)(7)(B):

(i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 45 days is justified and necessary to allow Mr. Pacheco-Monje adequate time to review discovery, to conduct necessary investigations, and communicate with his counsel to discuss the best options for this case.

Thus, I find that it would be unreasonable to expect adequate preparation by Mr. Pacheco-Monje, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161 would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for Mr. Pacheco-Monje the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 45 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1.  **ORDERED** that defendant's Unopposed Motion to Exclude 45 Days from Speedy Trial Act [Docket No. 15] is **GRANTED**.  It is further

2.  **ORDERED** that all pretrial motions shall be filed by **June 16, 2022** and responses to these motions shall be filed by **June 23, 2022**.  It is further

3.  **ORDERED** that the Trial Preparation Conference set for June 3, 2022 at 2:30 p.m. is vacated and will be reset on **July 15, 2022 at 11:00 a.m**.  It is further

4.  **ORDERED** that the jury trial set for June 6, 2022 is vacated and will be reset for **July 18, 2022 at 8:00 a.m.** for three days.  It is further

5.  **ORDERED** that 45 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.


DATED May 6, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge